UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TORINO BELTS, INC.,                                      CIVIL ACTION
WILLIAM MIMELES and
GABRIELLE MIMELES

VERSUS                                                                NO. 06-8632

INSURANCE UNDERWRITERS, LTD.                  SECTION: "C"
and JOHN WITTENBERG

## ORDER

Before this Court is a Motion to Remand filed by the Plaintiff, Torino Belts, Inc., William Mimeles and Gabrielle Mimeles alleging that this court lacks subject matter jurisdiction over the case because there is no federal question presented. For the following reasons, the Plaintiffs' motion is GRANTED.

**I.     BACKGROUND**

Plaintiffs Mr. and Mrs. Mimeles operate a Louisiana company engaged in the business of manufacturing leather, alligator, and exotic skin belts, as well as small leather accessories in New Orleans, Louisiana. The plaintiffs own the building within which Torino Belts, Inc. operated its business. [Rec. Doc. No. 7-2, p. 3]. Defedant John Wittenberg operated as the insurance broker to Mr. and Mrs. Mimeles and Torino Belts, Inc. Defendant John Wittenberg procured for the plaintiffs a commercial insurance policy from Hanover Insurance Company,

with a policy period beginning January 1, 2005 and ending on January 1, 2006.  Id.

 Hurricane Katrina caused damage to the plaintiff's facilities, located in New Orleans, Louisiana. Id. After the Hurricane, the plaintiffs, with help from an accountant, documented their losses and submitted reports and documentation to Hanover. Id. Hanover only covered a portion of the plaintiff's losses. Id. The plaintiffs claim that the defendants "failed to procure the desired coverage (business interruption and flood insurance) for plaintiffs and failed to inform plaintiffs of the availability of excess or supplemental flood insurance." Id at 3-4.  The plaintiffs filed suit in Orleans Parish Civil District Court against the defendants on September 22, 2006.  [Rec. Doc. 1-2, p. 3]  The petition alleges that the defendants' negligence and breach of duty caused the Plaintiffs to be deprived of proper insurance coverages. Id.  The defendants filed its Notice of Removal on October 19, 2006 on the basis of federal question jurisdiction.  The defendants aver that the flood claims at issue in this case, including failure to procure flood insurance, fall under the purview of federal law, and therefore invoke federal question under 28 U.S.C. §1331.

**II.** **LAW AND ANALYSIS**

 Federal courts have original jurisdiction under 28 U.S.C. §1331 where the cause of action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331.  The defendants aver that this case was properly removed because "1) failure to procure flood insurance should be governed by and preempted by federal law and 2) if Plaintiffs' allegations are true, Underwriters is a fiscal agent of the federal government." [Rec. Doc. No. 8, p. 1].  The plaintiffs maintain that "the lawsuit does not arise under federal law" because the lawsuit "relates to the defendants' negligence" and therefore, "plaintiffs' tort claims are not preempted by the National Flood Insurance Act."  [Rec. Doc. No. 7, p. 1-2]

The issue presented for this Court is whether the National Flood Insurance Act preempts state law claims where they relate to a flood policy. Courts in this district have faced this issue numerous times recently, under similar fact situations. These cases have uniformly found that federal jurisdiction is not available for causes of action arising out of a failure to procure flood insurance. In Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531 (E.D. La. 2006), Judge Fallon noted that:

> Although the Fifth Circuit has not spoken directly on this issue, a number of district courts have held that federal question jurisdiction does not exist for claims related to flood insurance procurement. Waltrip v. Brooks Agency, Inc., 417 F.Supp.2d 768, 770 (E.D.Va.2006); Roybal v. Los Alamos National Bank, 375 F.Supp.2d 1324, 1332-33 (D.N.M.2005); Corliss v. South Carolina Ins. Co., No. 03-2944, 2004 WL 2988497, at *3 (E.D.La. Dec. 12, 2004) (Vance, J.); Elizabeth v. USAA Gen. Indem. Co., No. 02-2021, 2002 WL 31886719, at *3 (E.D.La. Dec. 19, 2002) (Vance, J.).

Id. at 534. Judge Fallon held that claims relating to procurement and errors and omissions do not fall under federal question jurisdiction. Id. at 536. Since Landry, lower courts in the Fifth Circuit have routinely followed this line of reasoning. Jones v. State Farm Fire & Cas. Co., 2006 WL 2359777, at *2-4 (S.D.Miss. Aug. 15, 2006)(Senter, J); Seruntine v.. State Farm & Cas. Co., 2006 WL 2361641, at *2-5 (E.D.La. Aug. 7, 2006)(Vance, J); Bramlett v. State Farm Fire & Cas. Co., 2006 WL 2243186, at *4-6 (S.D.Miss. Aug. 4, 2006) (Senter, J.); Sullivan v.. State Farm Cas. Co., 2006 WL 2119320, *3-4 (E.D.La. July 27, 2006)(Barbier, J); Jeffrey v. Ins. Underwriters, LTD, 2006 WL 1984591, at *1-2 (E.D.La. July 7, 2006) (McNamara, J.); Cosse v. Matte, 2006 WL 1968868, at *1-2 (E.D.La. July 7, 2006)(McNamara, J.);

The defendants argue at length that notwithstanding judicial opinions in this district to the contrary, all flood claims, including a claim of failure to procure flood insurance, are perempted by federal law and "invoke" federal question jurisdiction. This Court disagrees and

adopts the reasoning in <u>Landry</u> that claims for failure to procure flood insurance do not fall under federal question jurisdiction.  428 F.Supp.2d 531 at 536.   Since the cause of action underlying this case asserts that the defendants failed to use reasonable diligence to procure adequate coverage to protect the plaintiffs, this case concerns negligent procurement, as opposed to actual handling of NFIP policies, and thus, does not invoke federal question jurisdiction.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is **GRANTED**.

New Orleans, Louisiana this 24th day of January, 2007.

                HELEN G. BERRIGAN
                UNITED STATES DISTRICT JUDGE